UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

TERRY LYNN HURLEY ]
    Plaintiff, ]
     ]
v. ]    No. 1:10-0079
     ]    JUDGE HAYNES
CORPORAL AYBAIR, et al. ]
    Defendants. ]

## M E M O R A N D U M

Plaintiff, Terry Lynn Hurley, a State an inmate at the West Tennessee State Penitentiary in Henning, Tennessee, filed this action under 42 U.S.C. § 1983 against the Defendants: Correctional Officers Aybair, Jackson and Roslyn, members of the staff at the Turney Center Industrial Prison. Plaintiff seeks damages for his conditions of confinement.

According to the complaint, on June 18, 2010, the toilet in Plaintiff's cell at Turney Center "overflowed", dumping waste into Plaintiff's cell. Plaintiff reported the problem, but maintenance personnel were unavailable to rectify the plumbing problem. Plaintiff requested a transfer to another cell, but his request was denied. Plaintiff began to experience abdominal pain and he slipped in the waste, spraining his ankle. The toilet was fixed the next day, but the Plaintiff believes that his rights were violated when the defendants refused to move him to another cell.

The defendants are named in their official capacities only. A

suit against an individual in his official capacity is the equivalent of a suit against the governmental entity of which the official is an agent. Matthews v. Jones, 35 F.3d 1046,1049 (6th Cir.1994); *see also* Will v. Michigan Department of State Police, 491 U.S. 58, 64 (1989). In essence, then, Plaintiff's claims are against the State of Tennessee, the entity responsible for the operation of the Turney Center Industrial Prison. Hafer v. Melo, 502 U.S. 21,25 (1991); *see also* Johnson v. Dellatifa, 357 F.3d 539, 545 (6th Cir.2004).

Injunctive relief is available against the Defendants in their official capacity, but the toilet in Plaintiff's cell was repaired and there are not any allegations of recurrence. Thus, any award of injunctive relief is unavailable. Under Will, Plaintiff cannot seek damages against the Defendants in their official capacities.

In the absence of an actionable claim, the Court must dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

WILLIAM J. HAYNES, JR.
United States District Judge